UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CLEANERS AND LAUNDRY CO., <br>     Plaintiff(s), <br><br> vs. <br><br> TEXTILE PROCESSORS LOCAL NO. 108 PENSION, FUND, et al., <br>     Defendant(s). | Case No. 4:05CV02271 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal [doc. #64].

## I. BACKGROUND

Plaintiff filed suit against Defendants Textile Processors, Service Trades, Health Care, Professional and Technical Employees International Union Local 161 ("Local 161"), Textile Processors, Service Trades, Health Care, Professional and Technical Employees International Union Local 108 ("Local 108"), Textile Processors Local No. 108 Pension Fund, the individual trustees of the Local No. 108 Pension Fund, the Unite Here National Retirement Fund, and the individual trustees of the Unite Here National Retirement Fund. All Claims against Local 161 and Local 108 were dismissed, in this Court's March 20, 2007 order. Furthermore, Counts I-III were dismissed against all Defendants. The only count remaining is Count IV against the Textile Processors Local No. 108 Pension Fund, the Unite Here National Retirement Fund (collectively "Fund Defendants"), and the individual trustees of those funds. On March 10, 2008, Plaintiff filed

1

the instant motion to dismiss Count IV without prejudice, as to the remaining Defendants. That matter is now fully briefed and the Court will address it at this time.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of an action by the Plaintiff. Fed. R. Civ. P. 41. A party may seek to dismiss an action "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). The rule further provides that if an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The Eighth Circuit has recognized a number of factors to be considered in determining whether to permit voluntary dismissal. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). The Eighth Circuit listed the following factors: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 783. The Eighth Circuit also recognized other types of prejudice which may support the denial of a motion for voluntary dismissal, however none are relevant to the pending case.[1] "A decision whether to allow a party to voluntarily dismiss a case rests upon the

---

[1] Those factors are: "(1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) prejudice resulting form uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal." *Paulucci*, 826 F.3d at 783.

2

sound discretion of the court." *Hamm v. Rhone Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

## III. DISCUSSION

Plaintiff asserts that they seek voluntary dismissal because pursuing the remaining claim without the dismissed claims has been shown, through discovery, to be unworthy of pursuit. Based on this determination, Plaintiff requests that the Court either dismiss the remaining count without prejudice, or in the alternative dismiss the remaining claim with prejudice, to be re-filed only in the event that this Court's prior summary judgment ruling on Counts I-III is overturned on appeal. Defendant disputes that this approach is appropriate, arguing that the expense and delay caused by Plaintiff's pursuit of the remaining claim justifies dismissal with prejudice. Defendants also argue that dismissal of the remaining claim with prejudice, to be re-filed only in the event of a successful appeal, is an impermissible abuse of this Court's discretion.

The first factor articulated above is the effort and expense incurred by Defendants. *Paulucci*, 826 F.3d at 783. Defendants claim that they have expended a significant amount of time responding to discovery requests, and preparing pursuing their own discovery in preparation for trial. Discovery in this case closed on March 7, 2008, following two discovery extensions sought by the Parties, and granted by the Court. Defendants estimate that they expended over $50,000 in legal fees. Clearly the Defendants would be prejudiced by having this action dismissed without prejudice, allowing for the potential of a second action. Thus the first factor supports denying Plaintiff's request. On the other hand, the second factor supports Plaintiff's request that the case be dismissed without prejudice. *Id.* There is no evidence before the Court that Plaintiff has caused excessive delay, or that the Plaintiff has not been diligent in pursuing the remaining claims.

The third factor asks whether the Plaintiff has presented a sufficient explanation for it's request. *Id.* Plaintiff has clearly presented an explanation for its motion to dismiss, namely that it is not worth while to pursue the present count without the three dismissed counts. However, the Court does not find this to be a sufficient explanation. The Eighth Circuit has held that the court should consider whether Plaintiff's request, or proffered explanation, is an effort to escape an adverse decision. *See Hamm*, 187 F.3d at 950 ("Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."). Furthermore, the Eighth Circuit has specifically held that "'[i]n most cases . . . a district court does abuse its discretion when it frustrates the limitations on federal appellate jurisdiction by entering a Rule 41(a)(2) order dismissing remaining claims without prejudice for the purpose of facilitating the immediate appeal of an earlier interlocutory order.'" *Madsen v. Audrain Health Care, Inc.*, 297 F.3d 694, 697-98 (8th Cir. 2002) (quoting *Great Rivers Co-op. v. Farmland Industries, Inc.*, 198 F.3d 685, 689-90) (alterations in original). While the Plaintiff's explanation does not seek to avoid an adverse decision, as a motion to dismiss was already filed as to the remaining count, and denied by the Court, Plaintiff's request will have the effect of expediting the appeal of this matter. This Court previously denied Plaintiff's request for a separate judgment as to the dismissed counts in order to expedite the appeal of those claims. Therefore, the Court does not find Plaintiff's proffered reason sufficient to allow for dismissal without prejudice. Such an action by this Court would be impermissible, as it would frustrate the limitations of federal appellate jurisdiction.[2] The ordinary course of litigation requires the adjudication of all pending claims, and then an appeal

---

[2] The fourth factor, whether a summary judgment motion has been filed, would lean in favor of Plaintiff in this case, however, the Court finds the third factor to be dispositive and therefore it is not necessary to provide a thorough analysis of the fourth factor.

4

may be taken from all the claims in a single action. Granting the Plaintiff's current request has the same result as entering a separate judgment, which this Court ordered was improper.

Finally, the Court addresses Plaintiff's assertion that Defendants' counsel agreed to dismissal of this action without prejudice. Defendants dispute that any agreement was reached. Having reviewed the Parties' briefs and exhibits, as well as the affidavit submitted by the Defendants, the Court concludes that no agreement was reached. While there was a communication between the Parties regarding Plaintiff's intention to seek voluntary dismissal, there was no direct response by Defendants agreeing with Plaintiff's action. Plaintiff's understanding to the contrary was in error. This conclusion undercuts Plaintiff's assertion that Defendants should be estopped from now opposing a motion they previously agreed to. No agreement among the parties was reached, and therefore there is no estoppel.

## IV. CONCLUSION

The Court concludes that it would be improper to allow the Plaintiff to dismiss count IV, the sole remaining count in this action, without prejudice. Defendants have suffered prejudice as a result of the expense of discovery in this action. Furthermore, Plaintiff's proffered reason for dismissal without prejudice is nothing more than a way of immediately appealing the previously dismissed counts. Plaintiff does not dispute this, but rather requests that the Court dismiss Count IV with prejudice, but allow the Plaintiff to re-file in the event that the Eighth Circuit overrules this Court's ruling on Defendants' motion to dismiss counts I-III. While the Court recognizes that in the event of a reversal by the Eighth Circuit, the case would once again be before this Court, thereby limiting the prejudicial effect of dismissal to the Defendants, as they would have to conduct discovery and proceed with adjudication of those related claims, this does not change the

Court's analysis. The Eighth Circuit has specifically rejected this procedure for securing an immediate appeal.

Therefore, the Court denies Plaintiff's motion for voluntary dismissal without prejudice, or with prejudice with the suggested condition. This Court will not order the immediate dismissal of the remaining claim. If Plaintiff still seeks a dismissal of this action, with prejudice, Plaintiff may file a second motion for voluntary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal [doc. #64] is **DENIED.**

Dated this 6th Day of May, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE